IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARVINT TECHNOLOGIES, INC., | |
| Plaintiff, | Civil Action File No. |
| v. | 1:15-cv-00071-TCB |
| RALPH LAUREN CORPORATION<br>Defendant. | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Ralph Lauren Corporation ("Ralph Lauren") hereby files its Answer to Plaintiff Sarvint Technologies, Inc.'s ("Plaintiff") Complaint for patent infringement. Ralph Lauren denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

1.  Ralph Lauren admits that actions for patent infringement arise under the Patent Laws of the United States, Title 35 of the United States Code. Ralph Lauren denies there is any basis in law or fact for Plaintiff's allegations of patent infringement. Ralph Lauren denies that Plaintiff is entitled to any relief, including an injunction or damages. Ralph Lauren admits that U.S. Patent No. 6,381,482 (the "'482 patent") is entitled "Fabric or Garment with Integrated Flexible Information Infrastructure." Ralph Lauren admits that U.S. Patent No. 6,970,731 (the "'731

patent") is entitled "A Novel Fabric-Based Sensor for Monitoring Vital Signs." Ralph Lauren denies the remaining allegations set forth in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and on that basis denies them.

3.     Ralph Lauren admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York, New York.

4.     Ralph Lauren admits that is may be served this Complaint upon its registered agent Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

5.     Ralph Lauren admits that actions for patent infringement arise under 35 U.S.C. §§ 271, 281, and 284-85, among others. Ralph Lauren denies there is any basis in law or fact for Plaintiff's allegations of patent infringement. Ralph Lauren admits that subject matter jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a). Ralph Lauren denies any remaining allegations set forth in Paragraph 5 of the Complaint.

6. Ralph Lauren admits that 28 U.S.C. §§ 1391(b) and (c) and 1400(b) govern the proper venue for civil actions in United States district courts. Ralph Lauren denies that the Northern District of Georgia is a proper and convenient venue for this dispute. Ralph Lauren denies that it has committed acts of infringement, including acts in the Northern District of Georgia or any other judicial district. Ralph Lauren denies that it has done business relevant to this dispute in the Northern District of Georgia. Ralph Lauren denies that Plaintiff is entitled to any relief. Ralph Lauren denies any remaining allegations set forth in Paragraph 6 of the Complaint.

7. For the purposes of this action only, Ralph Lauren will not contest that the Northern District of Georgia had personal jurisdiction over Ralph Lauren at the time the Complaint was filed. Ralph Lauren denies that it has committed any acts of infringement. Ralph Lauren denies that any portion of the infringement alleged by Plaintiff occurred in this District. Ralph Lauren denies any remaining allegations set forth in Paragraph 7 of the Complaint.

8. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and on that basis denies them.

9. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and on that basis denies them.

10. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and on that basis denies them.

11. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and on that basis denies them.

12. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and on that basis denies them.

13. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and on that basis denies them.

14. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and on that basis denies them.

15. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and on that basis denies them.

16. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and on that basis denies them.

17. Ralph Lauren admits that a copy of what appears to be the '482 Patent was attached to the Complaint as Exhibit A. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 17 of the Complaint and on that basis denies them.

18. Ralph Lauren admits that a copy of what appears to be the '731 Patent was attached to the Complaint as Exhibit A. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 18 of the Complaint and on that basis denies them.

19. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and on that basis denies them.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 6,381,482)

20. Ralph Lauren incorporates by reference its responses to Paragraphs 1 through 19 as though fully set forth herein.

21. Ralph Lauren admits that the '482 patent issued on April 30, 2001. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 21 of the Complaint and on that basis denies them.

22. Ralph Lauren denies the allegations set forth in Paragraph 22 of the Complaint.

### DIRECT INFRINGEMENT OF THE '482

23. Ralph Lauren denies the allegations set forth in Paragraph 23 of the Complaint.

24. Ralph Lauren denies the allegations set forth in Paragraph 24 of the Complaint.

25. Ralph Lauren denies the allegations set forth in Paragraph 25 of the Complaint.

26. Ralph Lauren denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Ralph Lauren denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Ralph Lauren denies the allegations set forth in Paragraph 28 of the Complaint.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 6,970,731)

29.     Ralph Lauren incorporates by reference its responses to Paragraphs 1 through 28 as though fully set forth herein.

30.     Ralph Lauren admits that the '731 patent issued on November 29, 2005. Ralph Lauren lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 30 of the Complaint and on that basis denies them.

31.     Ralph Lauren denies the allegations set forth in Paragraph 31 of the Complaint.

### DIRECT INFRINGEMENT OF THE '731

32.     Ralph Lauren denies the allegations set forth in Paragraph 32 of the Complaint.

## INDIRECT INFRINGEMENT
### (INDUCEMENT – 35 U.S.C. § 271(b))

33. Ralph Lauren denies the allegations set forth in Paragraph 33 of the Complaint.

34. Ralph Lauren denies the allegations set forth in Paragraph 34 of the Complaint.

35. Ralph Lauren denies the allegations set forth in Paragraph 35 of the Complaint.

## INDIRECT INFRINGEMENT
### (CONTRIBUTORY – 35 U.S.C. § 271(c))

36. Ralph Lauren denies the allegations set forth in Paragraph 36 of the Complaint.

37. Ralph Lauren denies the allegations set forth in Paragraph 37 of the Complaint.

38. Ralph Lauren denies the allegations set forth in Paragraph 38 of the Complaint.

39. Ralph Lauren denies the allegations set forth in Paragraph 39 of the Complaint.

40. Ralph Lauren denies the allegations set forth in Paragraph 40 of the Complaint.

41. Ralph Lauren denies the allegations set forth in Paragraph 41 of the Complaint.

42. Ralph Lauren denies the allegations set forth in Paragraph 42 of the Complaint.

43. Ralph Lauren denies the allegations set forth in Paragraph 43 of the Complaint.

## PRAYER FOR RELIEF

Ralph Lauren denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in paragraphs A through F of the Prayer for Relief contained in the Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury does not require an admission or denial.

## AFFIRMATIVE DEFENSES

Ralph Lauren asserts the following affirmative defenses to Plaintiff's Complaint without assuming any burden that it would not otherwise bear and without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Ralph Lauren. Ralph Lauren reserves the right to amend its currently pled defenses and/or assert additional defenses as they become apparent.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

44. Ralph Lauren does not and has not infringed any valid claim of the '482 or '731 patents under any theory of infringement, including direct infringement, literal infringement, infringement under the doctrine of equivalents, induced infringement, or contributory infringement.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

45. One or more of the claims of the '482 and '731 patents are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '482 and '731 patents lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by Plaintiff to be interpreted to cover the business activities of Ralph Lauren.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel

46. Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

47. Plaintiff's claim for damages is barred in whole or in part to the extent Plaintiff and/or its predecessors-in-interest failed to mark pursuant to 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

48. Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches and Waiver)

49. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches and/or waiver.

Dated: March 9, 2015

Respectfully submitted,

/s/ *Robert A. King*
Robert A. King
Georgia Bar No.  142221
rking@hunton.com
Bradley W. Grout
Georgia Bar No.  313950
bgrout@hunton.com
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308
Telephone: (404) 888-4136
Facsimile:  (404) 602-9070

Christopher C. Campbell
(*pro hac vice* to be filed)
ccampbell@cooley.com
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Defendant Ralph Lauren, Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2015, I electronically filed the foregoing document, COMPLAINT AND AFFIRMATIVE DEFENSES, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered parties, including Plaintiff's counsel, listed below:

Peter F. Schoenthaler
Georgia Bar No. 629789
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
Telephone: (404) 592-5397
Facsimile: (404) 891-6120
pfs@pfslawgroup.com

Andrew Crain, Esq.
Eric G. Maurer, Esq.
Thomas Horstemeyer
400 Interstate North Parkway SE, Suite 1500
Atlanta, Georgia 30339-5029
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
Andrew.Crain@thomashorstemeyer.com
Eric.Maurer@thomashorstemeyer.com

            By: */s/ Robert A. King*
              Robert A. King
              Georgia Bar No. 142221